11WEIMER, J.,
concurring.
Criminal defense counsel have an obligation to provide competent and reasonably diligent representation in defending a client accused of a crime, however, there is also an obligation to the tribunal. Rules of Professional Conduct, Rules 1.1, 1.3, 3.1, 3.5.[1] Counsel in this matter was not held *696 in contempt because of her advocacy, but because she deliberately violated the court’s order not to refer to the victim’s character. In this matter, ultimately I must defer to the trial court’s determination as to the motivation of defense counsel asking the question which was found contumacious.
I ¡Additionally, counsel could have explored potential animosity by the witness against the defendant in a number of ways, including questioning if he had been present during a beating of Johnston without referring to the fact that the beating was by the victim.
I believe the fact counsel for the defense contacted experienced defense counsel mitigates in her favor which is reflected in the fact only a $100 fine was imposed.

. Il should be noted that the "zealous advocate” concept is no longer part of the Rules of Professional Conduct as stated in Michael H. Rubin and Judge Brady M. Fitzsimmons, Simply Complying with the Rules of Ethics Doesn't Make You an Ethical Lawyer, in In Our Own Words: Reflections on Professionalism in the Law, 95-97 (Louisiana Bar Foundation 1998):
The 'zealous advocate’ concept is at the heart of most arguments why attorneys are allowed to behave in certain ways. In an adversary system, this arguments asserts, the attorney's primary duty is to the client. If the client's interests are paramount then certain behavior not only must be tolerated, it must be encouraged; the 'zealous advocate' provisions of the former Code of Professional Responsibility made this explicit.
*696 Canon 7 was entitled, "A Lawyer Should Represent A Client Zealously Within the Bounds of the Law.”
[[Image here]]
[However, w]hen the Code of Professional Responsibility was being transformed into the Rules of Professional Conduct, the ABA’s drafting committee debated the zealous lawyer standard and deleted it. The result of the debate was that Model Rule 1.3, which Louisiana adopted, omitted any reference to "zeal” and substituted instead the maxim that a "lawyer shall act with reasonable diligence and promptness in representing a client.” The ABA's Official Comment to Model Rule 1.3 actually seems to broaden the black letter law of the rule and states that a lawyer should "act with zeal in advocacy upon the client's behalf.” The tension between the ABA Model Rule and the Comment is noted but not resolved in the ABA’s own "comparison” section which recognizes that the Comment is "less neutrally worded” than the Rule. Louisiana did not adopt the ABA's Official Comment to Model Rule 1.3. (Footnotes omitted.)